UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

ROBERT M. KELLER, for himself and on behalf of
all others similarly situated

    Plaintiff,

-vs-

EMERGENCY CONSULTANTS, LLC, a Michigan Limited Liability Company (f/k/a Emergency Consultants, Inc.), PRAIRIE EMERGENCY PHYSICIANS, LLP, a Michigan limited liability partnership, and DERIK K. KING, an individual

    Defendants.

Hon. Robert J. Jonker
Case No. 18-cv-00448

---

Andrew J. Blodgett (P68250)
Anders J. Gillis (P77818)
PARKER HARVEY PLC
801 S. Garfield Avenue, Suite 200
Traverse City, Michigan 49686
(248) 929-4878
ablodgett@parkerharvey.com
agillis@parkerharvey.com
Attorneys for Plaintiff

Matthew L. Wikander (P65160)
Charissa Huang (P75501)
SMITH HAUGHEY RICE & ROEGGE, P.C.
100 Monroe Center NW
Grand Rapids, Michigan 49503
(616) 774-8000
mwikander@shrr.com
chuang@shrr.com
Attorneys for Plaintiff

Allan S. Rubin (P44420)
Daniel C. Waslawski (P78037)
JACKSON LEWIS P.C.
2000 Town Center, Suite 1650
Southfield, Michigan 48075
(248) 936-1900
rubina@jacksonlewis.com
daniel.waslawski@jacksonlewis.com
Attorneys for Defendants

---

**CORRECTED EXHIBIT A TO BRIEF IN SUPPORT OF
JOINT MOTION TO APPROVE SETTLEMENT**

EXHBIT A TO MOTION TO APPROVE SETTLEMENT

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

ROBERT M. KELLER, for himself and on behalf of
all others similarly situated

    Plaintiff,

-vs-

EMERGENCY CONSULTANTS, LLC, a Michigan Limited Liability Company (f/k/a Emergency Consultants, Inc.), PRAIRIE EMERGENCY PHYSICIANS, LLP, a Michigan limited liability partnership, and DERIK K. KING, an individual,

    Defendants.

Hon. Robert J. Jonker
Case No. 18-cv-00448

---

Andrew J. Blodgett (P68250)
Anders J. Gillis (P77818)
PARKER HARVEY PLC
801 S. Garfield Avenue, Suite 200
Traverse City, Michigan 49686
(248) 929-4878
ablodgett@parkerharvey.com
agillis@parkerharvey.com
Attorneys for Plaintiff

Matthew L. Wikander (P65160)
Charissa Huang (P75501)
SMITH HAUGHEY RICE & ROEGGE, P.C.
100 Monroe Center NW
Grand Rapids, Michigan 49503
(616) 774-8000
mwikander@shrr.com
chuang@shrr.com
Attorneys for Plaintiff

Allan S. Rubin (P44420)
Daniel C. Waslawski (P78037)
JACKSON LEWIS P.C.
2000 Town Center, Suite 1650
Southfield, Michigan 48075
(248) 936-1900
rubina@jacksonlewis.com
daniel.waslawski@jacksonlewis.com
Attorneys for Defendants

---

## SETTLEMENT AGREEMENT AND RELEASE
### (Federal Court Action)

This Settlement Agreement and Release ("Agreement") is entered into by and between Robert M. Keller, along with each of his heirs, estates, executors, administrators, personal representatives, successors, and/or assigns ("Plaintiff") and Emergency Consultants, LLC, a Michigan Limited Liability Company (f/k/a Emergency Consultants, Inc.) (hereinafter referred to as "ECI"), Prairie Emergency Physicians, LLP, a Michigan limited liability partnership ("Prairie"), and Dr. Derik K. King ("King"), including each of their respective officers, directors, shareholders, agents, insurers, members, partners (general and limited) employees, parent corporations/companies, subsidiaries, successors, assignees, affiliates, and related entities (collectively ECI, Prairie, and King are referred to herein as the "Defendants") (Plaintiff and Defendants are collectively referred to herein as the "Parties"), and is based on the following recitals:

I. On or about April 3, 2016, Plaintiff filed an action against Defendants in Circuit Court for Grand Traverse County, which, on April 20, 2018 was removed by the Defendants to the United States District Court for the Western District of Michigan. Plaintiff's Complaint sought relief for, among other things, alleged violations of the Fair Labor Standards Act of 1938, ("FLSA"), 29 U.S.C. §§ 201 et seq., and Breach of Contract (collectively the "Action");

II. On May 1, 2018, Plaintiff filed a Motion for Conditional Certification, which Defendants timely answered, and which was denied by United States District Court on June 12, 2018 (Dkt. 29);

III. On May 4, 2018 the Defendants timely answered the Complaint;

IV. On June 12, 2018 the United States District Court declined supplemental jurisdiction over the Plaintiff's Breach of Contract Claim and remanded that claim to the Circuit Court for the County of Grand Traverse, Michigan (DKT 27) (hereinafter the "State Court Action"), where that matter is currently stayed pending the outcome of the federal action. As a result of the remand, Prairie is not a party to the federal action;

V. On October 15, 2018, Plaintiff renewed his motion for conditional certification, which the Defendants ECI and King fully responded, and which was argued on November 20, 2018. No Opinion has been issued on the renewed certification motion;

VI. On February 19, 2019, the Parties participated in Court-ordered Mediation, at which time the parties reached proposed settlement, subject to approval by the federal court;

VII. The Plaintiff believes that settlement is in his best interest;

VIII. Defendants deny any and all alleged violations of law and any and all liability for the claims alleged in the either the federal or state court Action. This Agreement was negotiated with the understanding that this settlement does not constitute an admission or an adjudication of wrongdoing or liability;

IX.     The Parties are represented by experienced counsel and have entered into this Agreement upon the advice of counsel after being fully informed of their legal rights after participating in facilitation of their claims before a neutral facilitator.

X.      This Agreement was negotiated between persons representing substantial adverse interests, who were fully informed concerning the legal rights, issues, and evidence involved in the Action and who negotiated in good faith and at arm's length. Moreover, bona fide disputes and controversies exist between the Parties, both as to liability and the amount of damages thereof, if any, and by reason of such disputes and controversies, Plaintiff and Defendants desires to compromise and settle fully and finally, by the execution of the Agreement, all claims and causes that were alleged or could have been alleged in the Action; and

XI.     The Parties stipulate that the settlement is reasonable due to the uncertainty of Plaintiff's claims, which Defendants vigorously dispute.

In consideration of the promises and mutual covenants contained in this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which are acknowledged by the Parties, the Parties agree:

1.  **Consideration.** In consideration for signing this Agreement, including the promises herein, and for the compliance with the promises made herein by the undersigned, Plaintiff agree to accept the gross amount of **FIFTEEN THOUSAND DOLLARS ($15,000.00)** to be apportioned as follows:

    a) A check payable to Robert M. Keller in the gross amount of **TWO THOUSAND FIVE HUNDRED DOLLARS AND ZERO CENTS ($2,500)**, less all applicable withholdings for state and federal taxes, in compromise and settlement of Plaintiff's alleged lost wages. This amount shall be reported to Keller on an IRS Form W2;

    b) A check payable to Robert M. Keller in the amount of **TWO THOUSAND FIVE HUNDRED DOLLARS AND ZERO CENTS ($2,500)** in compromise settlement of Plaintiff's claims for alleged liquidated and other damages. This payment shall be reported to the IRS by issuance of a Form 1099.

    c) Payment of the total amount of **TEN THOUSAND DOLLARS ($10,000.00)** in compromise of Plaintiff's claim for costs and attorney's fees, payable as follows:

        i.  To The Law Offices of Parker Harvey PLC in the amount of $5,000. This amount shall be reported to the IRS by issuance of a Form 1099.

        ii. To The Law Offices of Smith Haughey, Rice & Roegge P.C. in the amount of $5,000. This amount shall be reported to the IRS by issuance of a Form 1099.

Plaintiff acknowledges and agrees that he is solely responsible for any and all additional federal, state and local taxes that may be due from the settlement sum, whether it is determined that any additional taxes are owed based on the taxation laws in effect on the date of execution of this Agreement or that may become due at any time in the future because of a

change to the laws governing the taxation of such settlement proceeds. Plaintiff expressly acknowledges and agrees that he is relying upon his/her own legal and/or tax advisors, and not upon Defendants or their attorneys, with respect to any tax aspects of this Agreement. Plaintiff further acknowledges and agrees to indemnify and hold Releasees harmless in the event that any federal, state, or local taxing authority asserts any claim for liability, including, but not limited to, unpaid taxes, failure to withhold taxes, penalties, interest, or other sums that may become due to any taxing authority based upon the terms of this Agreement. It is expressly agreed that if Defendant(s) are required to provide payments for taxes or interest or penalties to any taxing authority based upon the terms of this Agreement, Plaintiff shall reimburse Defendant(s) for such payments to such taxing authority within ten (10) calendar days after Defendant(s) notifies Plaintiff, in writing, via certified mail, return receipt requested, that they have incurred such liability. In such event, notice shall also be provided to counsel for Plaintiff listed in the caption above.

Defendants agree to make the Settlement Payments within 30 days of the later of (a) delivery of an executed copy of this Agreement signed by Plaintiff to Defense Counsel, (b) the receipt of duly executed IRS Forms W-4 and W-9's as applicable from Plaintiff and his counsel; (c) the dismissal of the State Court action with prejudice and without costs or attorney fees (which the Parties acknowledge does not require Court approval) and (d) the Court approval of the settlement, as more fully described below.

2. **No Consideration Absent Execution of this Agreement.** Plaintiff understands and agrees that he would not receive the settlement monies and/or benefits specified in paragraph "1" above, except for their execution of this Agreement and the fulfillment of the promises contained herein.

3. **Release of Claims.** Plaintiff, for himself along with each and every one of his heirs, agents, assignees or by anyone claiming by or through them, knowingly and voluntarily releases and forever discharges Defendants, and each of their owners, parent companies, affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns, and their current and former employees, attorneys, officers, directors, members, managers, partners, and agents thereof, individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries (collectively referred to throughout the remainder of this Agreement as "Releasees"[1]), of and from any and all claims Plaintiff has or perceive himself to have from the beginning of time up to the date of the execution of this Agreement. The release granted by this provision is a general release and includes any and all claims that were or that could have been alleged in this case as well as those that reasonably arise out of the acts alleged in the Action, including, but not limited to all claims for failure to pay minimum wage and/or overtime in violation of the FLSA, or in any other form or fashion

---

[1] The term "Releasees" also includes, but is not limited to Dr. James Ellis, Dr. Kevin Oliver, any and all limited liability partnerships and corporate entities identified in the Complaint, its exhibits, and all other employees, agents, partners, any affiliated entities, and anyone associated with any of limited liability partnerships and corporate entities identified in Action—whether the identification occurred in documents exchanged in discovery, motions filed with the state court or federal court, or in any other manner.

including associated attorneys' fees, liquidated damages, interest, and penalty claims. This is a general release intended to be interpreted as broadly as the law permits

If any claim is not subject to release, to the extent permitted by law, Plaintiff waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Defendants or any other Releasee identified in this Agreement is a party, and expressly waive his right to the recovery of any proceed from such proceeding.

4. **Dismissal of Action.** Upon complete execution of this Agreement the Parties agree that Plaintiff's counsel will cause to be filed with the Court a Joint Motion for Court Approval of Settlement, which as part of the settlement, will dismiss this Action with prejudice and without fees and costs in the form attached hereto as Exhibit A. Should the Court not approve the settlement, the Parties agree that they will have forfeited no rights and will revert to the status of the Action as it existed on February 18, 2019. In the interim, the parties agree to inform the federal court of the settlement and request that a ruling on all pending motions be withdrawn pending a decision of on the motion to approve settlement.

5. **Acknowledgments and Affirmations.**

Plaintiff affirms that he has reported all hours worked as of the date of this Agreement and has been paid and/or has received from Defendant(s) all compensation, wages, bonuses, and/or commissions to which he may be entitled, and that no other compensation, wages, bonuses, and/or commissions are due to him, except as provided in this Agreement;

Plaintiff affirms that he has not filed or caused to be filed a claim against Defendants or any of the Releasees with any local, state, or federal agency or court, except for the Actions referenced above and previously dismissed EEOC Charge of Discrimination No. 471-2017-03507;

Plaintiff affirms that he has not divulged any financial, proprietary or confidential information of Defendants or any of the Releasees and Plaintiff will continue to maintain the confidentiality of such information consistent with Defendants' policies and/or any applicable common law;

Plaintiff affirms that he has not suffered and/or sustained any work-related accidents, injuries and/or occupational diseases while affiliated with Defendants or any of the Releasees for which issues of liability have not already been fully resolved;

Plaintiff and Defendants acknowledge that this Agreement does not limit any Party's right, where applicable, to file or to participate in an investigative proceeding of any federal, state, or local governmental agency. To the extent permitted by law, Plaintiff agrees that if such an administrative claim is made, he shall not be entitled to recover any individual monetary relief or other individual remedies;

Plaintiff shall not apply in the future for employment with any Releasee because of, among other things, irreconcilable differences with each of them and Releasees. Plaintiff agrees that should he, despite the existence of this Agreement, apply for a position with

Releasees, that this agreement shall serve as a legitimate, non-discriminatory reason for Releasee not to hire them or, if inadvertently hired, to discharge them; and

Plaintiff affirms that he has returned all of Defendants' property, documents, and/or any confidential information in his possession, custody, or control. Plaintiff also affirms that he is in possession of all of his respective property that he had at Defendants' premises or any location where he performed services on behalf of Defendants and that no Releasee is in possession of any of his property. Upon approval of the settlement, Plaintiff shall return or destroy any documents provided to him by Defendants in this litigation or otherwise and/or otherwise certify in writing their destruction.

6. **Confidentiality/Covenant not to Publicize.** The Parties acknowledge that settlement of claims brought pursuant to the Fair Labor Standards Act requires approval by the Court. In seeking approval of this Settlement the Parties and their respective attorneys and representatives agree not to: (a) publicize the terms of this Agreement to any person, newspaper, magazine, radio or television station, Internet site, blog site or other posting site, and/or (b) advise to any present or former employees of the Releasees of the settlement, except as required by law. If it is established that Plaintiff breached or caused any breach of this covenant of non-disclosure or of any other clause of this Agreement by a court or other entity of competent jurisdiction, he will: (i) forfeit any monies due, but unpaid hereunder; (ii) be liable for all actual damages; (iii) pay liquidated damages of $2,500; and (iv) be liable for attorney fees associated with a breach of this provision. Notwithstanding the foregoing, upon inquiry from third parties, the Parties may indicate that this dispute was "resolved."

Notwithstanding the forgoing, nothing contained herein shall be construed to prevent the disclosure of the amount and terms of settlement to the Parties' accountants, auditors, financial advisors, spouse, attorneys, tax authorities, or to any regulatory agency or court when required by law or court order to do so.

7. **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of the State of Michigan without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or seek any damages for breach. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

8. **Nonadmission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

9. **Amendment.** This Agreement may not be modified, altered or changed except in writing and signed by all Parties wherein specific reference is made to this Agreement. This is a fully integrated document, and all prior agreements between the parties are incorporated

The Parties freely and voluntarily sign this Agreement as of the date(s) set forth below:

ROBERT KELLER

*/s/ Robert Keller/*

Dated: 2/24, 2019

EMERGENCY CONSULTANTS, LLC

*/s/ Sarah C. H. Crass/*

By: Sarah C. H. Crass, Esq.
Its: General Counsel
Dated: March 4, 2019

PRAIRIE EMEGENCY PHYSICIANS, LLP

*/s/ Derrik Katz, MD/*

By: Derrik Katz MD
Its: Managing Partner
Dated: 2/28/19

11 | Page

## EXHIBIT A

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

ROBERT M. KELLER, for himself and on behalf of
all others similarly situated

    Plaintiff,

-vs-

EMERGENCY CONSULTANTS, LLC, a
Michigan Limited Liability Company (f/k/a
Emergency Consultants, Inc.), PRAIRIE
EMERGENCY PHYSICIANS, LLP, a Michigan
limited liability partnership, and DERIK K. KING,
an individual

    Defendants.

Hon. Robert J. Jonker
Case No. 18-cv-00448

---

Andrew J. Blodgett (P68250)
Anders J. Gillis (P77818)
PARKER HARVEY PLC
801 S. Garfield Avenue, Suite 200
Traverse City, Michigan 49686
(248) 929-4878
ablodgett@parkerharvey.com
agillis@parkerharvey.com
Attorneys for Plaintiff

Matthew L. Wikander (P65160)
Charissa Huang (P75501)
SMITH HAUGHEY RICE & ROEGGE, P.C.
100 Monroe Center NW
Grand Rapids, Michigan 49503
(616) 774-8000
mwikander@shrr.com
chuang@shrr.com
Attorneys for Plaintiff

Allan S. Rubin (P44420)
Daniel C. Waslawski (P78037)
JACKSON LEWIS P.C.
2000 Town Center, Suite 1650
Southfield, Michigan 48075
(248) 936-1900
rubina@jacksonlewis.com
daniel.waslawski@jacksonlewis.com
Attorneys for Defendants

---

## ORDER APPROVING SETTLEMENT AND
## DISMISSING CASE WITH PREJUDICE

This matter having come before the Court on the Joint Motion of the Parties to Approve Settlement and Dismiss this Action with Prejudice, the Court having reviewed the Motion and being otherwise duly advised in the premise:

**IT IS HEREBY ORDERED THAT:**

1. The settlement agreement and settlement contained therein be and are hereby approved; and

2. This matter is hereby **Dismissed With Prejudice** and **Without** costs or fees, except and expressly provided for in the settlement agreement.

**IT IS SO ORDERED.**

Dated: _____, 2019      _____
                                   CHIEF U.S. DISTRICT COURT JUDGE